UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

CARLOS E. RESTREPO,
and other similarly-situated individuals,

      Plaintiff,

v.

MODERN ROOFING EXPERTS, INC.,
a/k/a  MODERN ROOFING EXPERTS DBA MCE,
LUIS D. FERNANDEZ, and
MONIKA NEUVIRTHOVA,  individually

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CARLOS E. RESTREPO and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants MODERN ROOFING EXPERTS, INC. a/k/a MODERN ROOFING EXPERTS DBA MCE, LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA, individually, and alleges:

1. This is an action to recover money damages for unpaid regular and overtime wages, and retaliation under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act")

2. Plaintiff CARLOS E. RESTREPO is a resident of St. Lucie County, Florida within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant MODERN ROOFING EXPERTS, INC. a/k/a MODERN ROOFING EXPERTS DBA MCE (hereinafter MODERN ROOFING, or Defendants) is a Florida corporation, having its place of business in Stuart, Martin County, Florida.  Defendant was and is engaged in interstate commerce.

4. The individual Defendants LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA were and are now, the owners/partners/officers and managers of Defendants Corporation MODERN ROOFING. Defendants LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Martin County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiff CARLOS E. RESTREPO  as a collective action to recover from Defendants overtime compensation, liquidated damages, retaliatory damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after September 2020, (the "material time") without being properly compensated.

7. Defendant MODERN ROOFING is a construction company specialized in commercial and residential roofing, installation of impact windows and doors, and related construction services.  Defendant's business is located at 834 SE Lincoln Avenue, Stuart, Florida, where Plaintiff worked.

8. The Defendants MODERN ROOFING LUIS D. FERNANDEZ and MONIKA NEUVIRTHOVA employed Plaintiff CARLOS E. RESTREPO, as a non-exempt, full time, hourly employee from approximately September 01, 2020, to December 24, or 16 weeks.

9. Plaintiff was hired as a driver, but he had duties as driver, tear-off labor, and construction worker. Everyday Plaintiff loaded equipment and materials to be transported to the Jobsite, at the end of the day, he would return the truck to the workshop before going home. Plaintiff was paid at the rate of $20.00 an hour.

10. During his time of employment with Defendants, Plaintiff worked regularly 6 days per week. From Monday to Saturday Plaintiff began to work at 7:30 AM, and he finished his working day at 6:00 PM, the earliest, (10.5 hours daily). Sometimes, Plaintiff stayed working until 6:30, 7:30, or 8:00 PM.

11. Thus, every week Plaintiff completed a minimum of 63 working hours. Plaintiff was not able to take bonafide lunch periods.

12. Plaintiff worked regularly more than 40 hours every week. However, he was paid for 40 regular hours or less. Defendants did not pay Plaintiff for overtime hours.

13. Furthermore, Plaintiff worked a minimum of 63 hours weekly, but he was paid for less than 40 hours, Plaintiff states that during his time of employment, his wage rate was $20.00 an hour, but Defendant used a fictitious rate of $25.00, $16.00, and $10.00 an hour, and showed and paid for less than the real number of hours worked.

14. Without an explanation or justification, Defendants paid Plaintiff for a partial number of working hours, using a fictitious different wage rate, and under the promise of fixing it

later. Plaintiff continued working in hopes of recovering his unpaid regular and overtime hours.

15. During his time of employment, Plaintiff received as partial payment for accumulated unpaid wages, one check for $200.00, and one payment of $200.00 cash. Defendants failed to pay Plaintiff fully and timely for every hour worked.

16. Plaintiff did not clock in and, but he worked under closed supervision, and Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals, which means that Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

17. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. In order to circumvent FLSAs overtime provisions, Plaintiff was paid weekly with checks and paystubs that did not provide accurate information about the number of days worked, the real number of hours worked and the real wage rate paid.

19. Plaintiff strongly disagreed with payment received for hours earned and he complained many times to his supervisors and owners of the business LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA. They promised to pay him for the full value of his missing hours later.

20. On or about December 29, 2020, Plaintiff was fired after he demanded to be paid for his regular workweek and overtime hours. Plaintiff was in financial distress and he mentioned that he would be hiring an attorney to recover his unpaid wages.

21. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections. In this Complaint, Plaintiff is going to claim in his Overtime count, overtime hours only for regular weeks in which he worked 63 hours. Plaintiff is going to claim in a Minimum Wage count only 3 unpaid weeks. After Defendants provide time and payment records, Plaintiff will amend his Statement of Claim to include any unpaid regular and overtime hours.

22. Plaintiff CARLOS E. RESTREPO seeks to recover unpaid regular and overtime hours, accumulated during all his time of employment, liquidated damages, and any other damages, as allowable by law.

23. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

24. Plaintiff CARLOS E. RESTREPO re-adopts every pertinent and factual allegation, regarding him, as stated in paragraphs 1-23 above as if set out in full herein.

25. This action is brought by Plaintiff CARLOS E. RESTREPO and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a

workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

26. The employer MODERN ROOFING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendants is a construction company that provides its services to companies engaged in interstate commerce. The Defendants have more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

27. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

28. The Defendants MODERN ROOFING LUIS D. FERNANDEZ and MONIKA NEUVIRTHOVA employed Plaintiff CARLOS E. RESTREPO, as a non-exempt, full time, hourly employee from approximately September 01, 2020, to December 24, or 16 weeks.

29. Plaintiff was hired as a driver, but he had duties as driver, tear-off labor, and construction worker. Plaintiff was paid at the rate of $20.00 an hour.

30. During his time of employment with Defendants, Plaintiff worked regularly 6 days per week, a minimum of 63 working hours.  Plaintiff was not able to take bonafide lunch periods.

31.  Plaintiff worked regularly a minimum of 63 hours every week.  However, he was paid for 40 regular hours or less. Defendants did not pay Plaintiff for overtime hours.

32. Furthermore, Plaintiff states that during his time of employment, his wage rate was $20.00, but in order to circumvent FLSAs overtime provisions, Defendants changed his wage rate and used a fictitious wage rate of  $25.00, $16.00, and $10.00 an hour.  Plaintiff's paystubs showed fewer hours than he actually worked.

33. Using this scheme, without an explanation or justification, Defendants pay Plaintiff for a partial number of working hours. The remaining hours were never paid to Plaintiff.

34. During his entire period of employment, Plaintiff received partial payment for accumulated unpaid wages one check for $200.00, and one payment of $200.00 cash. Defendants failed to pay Plaintiff timely and for every hour worked.

35. Plaintiff did not clock in and, but he worked under closed supervision, and Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals, which means that Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

36. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess

of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

37. Plaintiff was paid weekly with checks and paystubs that did not provide accurate information about the number of days worked, the real number of hours worked and the real wage rate paid.

38. On or about December 29, 2020, Plaintiff was fired after he demanded one more time to be paid for his regular workweek and overtime hours. Plaintiff was in financial distress and he mentioned that he would be hiring an attorney to recover his unpaid wages.

39. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections. In this Complaint, Plaintiff is going to claim in his Overtime count, overtime hours only for regular weeks in which he worked 63 hours. After Defendants provide time and payment records, Plaintiff will amend his Statement of Claim to include any unpaid regular and overtime hours.

40. The records, if any, concerning the number of hours worked by Plaintiff CARLOS E. RESTREPO, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of the Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

41. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

43. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

       Eleven Thousand Forty Dollars and 00/100 ($11,040.00)

    b. <u>Calculation of such wages</u>:

       Total Period of employment:  16 weeks
       Relevant weeks of employment: 16 weeks
       Total hours: 63 hours weekly
       Total overtime hours: 23 hours weekly
       Regular rate: $20.00 an hour x 1.5= $30.00
       Overtime rate: $30.00 an hour

       O/T rate $30.00 x 23 O/T hours=$690.00 weekly x 16 weeks=$11,040.00

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents the unpaid overtime compensation.

44. At all times, the Employers/Defendants MODERN ROOFING, LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA  failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

45. Defendants MODERN ROOFING, LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the

commencement of Plaintiff's and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

46. At the times mentioned, individual Defendants LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA were the owners/partners/officers and managers of MODERN ROOFING. Defendants MODERN ROOFING, LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of MODERN ROOFING concerning their employees, including Plaintiff and others similarly situated. Defendants MODERN ROOFING, LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

47. Defendants MODERN ROOFING, LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

48. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff CARLOS E. RESTREPO and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff CARLOS E. RESTREPO and other similarly situated individuals, and against the Defendants MODERN ROOFING, LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA MODERN ROOFING based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff CARLOS E. RESTREPO and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

49. Plaintiff CARLOS E. RESTREPO re-adopts every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

50. This action is brought by Plaintiff CARLOS E. RESTREPO and those similarly-situated to recover from the Employer MODERN ROOFING unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

51. The employer MODERN ROOFING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

52. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

53. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

54. The Defendants MODERN ROOFING LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA employed Plaintiff CARLOS E. RESTREPO, as a non-exempt, full time, hourly employee from approximately September 01, 2020, to December 24, or 16 weeks.

55. Plaintiff was hired as a driver, but he had duties as driver, tear-off labor, and construction worker. Plaintiff was paid at the rate of $20.00 an hour.

56. During his time of employment with Defendants, Plaintiff worked regularly 6 days per week, a minimum of 63 working hours.  Plaintiff was not able to take bonafide lunch periods.

57.  Plaintiff worked regularly in excess of 40 hours every week.  However, he was paid for less than 40 regular hours.

58. Plaintiff states that during his time of employment, his wage rate was $20.00, but in order to circumvent FLSAs overtime provisions, Plaintiff{s paystubs showed fewer hours than he actually worked.

59. Using this scheme, without an explanation or justification, Defendants pay Plaintiff for a partial number of working hours, the remaining hours were never paid to Plaintiff.

60. During his entire period of employment, Plaintiff received partial payment for accumulated unpaid wages one check for $200.00, and one payment of $200.00 cash. Defendants failed to pay Plaintiff timely and for every hour worked.

61. Plaintiff did not clock in and, but he worked under closed supervision, and Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals, which means that Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

62. Therefore, Defendants willfully failed to pay Plaintiff minimum wages for 3 weeks, in violation of the Fair Labor Standards Act.

63. Plaintiff was paid weekly with checks and paystubs that did not provide accurate information about the number of days worked, the real number of hours worked and the real wage rate paid.

64. On or about December 29, 2020, Plaintiff was fired after he demanded to be paid for his regular workweek and overtime hours. Defendants never paid Plaintiff for accumulated unpaid regular hours. At the time of Plaintiff's termination, Defendants did not pay him for his last 2 week of employment plus 1 week of wages that Defendants retained at the beginning of Plaintiff's employment, as a "security deposit".  This is a total of 3 unpaid workweeks.

65. Consequently, while employed with Defendants, the Plaintiff was not paid at the minimum wage rate as established by the Fair Labor Standards Act.

66. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections. In this Complaint, Plaintiff is going to claim only 3 unpaid weeks. After Defendants provide time and payment records, Plaintiff will amend his Statement of Claim to include additional unpaid regular and hours.

67. The records, if any, concerning the number of hours worked by Plaintiff CARLOS E. RESTREPO, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

68. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

69. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

70. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Plaintiff's wage-rate was $20.00 an hour. Florida's minimum wage in 2020 is $8.56, which is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

       One Thousand Twenty-Seven Dollars and 00-100 ($1,027.00)

    b.  <u>Calculation of such wages</u>:

       Total relevant weeks of employment: 16 weeks
       Total hours worked: 40 hours weekly
       Total number of unpaid weeksÑ 3weeks
       Florida minimum wage 2020:  $8.56 an hour

       Min. wage $8.56 x 40 hours=$342.40 weekly x 3 weeks=$1,027.20

    c.  <u>Nature of wages</u>:

       This amount represents unpaid minimum wages.

71. Defendants MODERN ROOFING, LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

72. Defendants knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act

and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

73. At the times mentioned, individual Defendants LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA were the owners-partners'officers and managers of MODERN ROOFING. Defendants MODERN ROOFING, LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of MODERN ROOFING in relation to their employees, including Plaintiff and others similarly situated. Defendants MODERN ROOFING, LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

74. Defendants MODERN ROOFING, LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant as set forth above.

75. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff CARLOS E. RESTREPO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff CARLOS E. RESTREPO and against the Defendants

MODERN ROOFING, LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA on the

basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et

seq. and other Federal Regulations; and

A.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum

wages, with interest; and

B.  Award Plaintiff an equal amount in double damages/liquidated damages; and

C.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

D.  Grant such other and further relief as this Court deems equitable and just and/or available

pursuant to Federal Law.

## JURY DEMAND

Plaintiff CARLOS E. RESTREPO and those similarly situated demand trial by a jury of all issues

triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;
## PURSUANT TO 29 U.S.C. 215(a)(3)

76. Plaintiff CARLOS E. RESTREPO re-adopts every factual allegation as stated in

paragraphs 1-23 of this complaint as if set out in full herein.

77. The employer MODERN ROOFING was engaged in interstate commerce as defined in §§

3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a

construction company that provides its services to companies engaged in interstate

commerce. Upon information and belief, the annual gross revenue of the

Employer/Defendant was always in excess of $500,000 per annum. By reason of the

foregoing, Defendant's business activities involve those to which the Fair Labor Standards

Act applies.  Therefore, there is enterprise coverage.

78. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

79. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

80. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

81. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

82. The Defendants MODERN ROOFING LUIS D. FERNANDEZ and MONIKA NEUVIRTHOVA employed Plaintiff CARLOS E. RESTREPO, as a non-exempt, full time, hourly employee from approximately September 01, 2020, to December 24, or 16 weeks.

83. Plaintiff was hired as a driver, but he had duties as driver, tear-off labor, and construction worker. Plaintiff was paid at the rate of $20.00 an hour.

84. During his time of employment with Defendants, Plaintiff worked regularly 6 days per week, a minimum of 63 working hours.  Plaintiff was not able to take bonafide lunch periods.

85.  Plaintiff worked regularly in excess of 40 hours every week.  However, he was paid for 40 regular hours or less. Defendants did not pay Plaintiff for overtime hours.

86. Furthermore, Plaintiff worked a minimum of 63 hours weekly, but he was paid for less than 40 hours, and at a lower rate.

87. Plaintiff states that during his time of employment, his wage rate was $20.00, but in order to circumvent FLSAs overtime provisions, Defendants changed his wage rate and used a fictitious wage rate of  $25.00, $16.00, and $10.00 an hour.  Plaintiff's paystubs showed fewer hours than he actually worked.

88. Using this scheme, without an explanation or justification, Defendants pay Plaintiff for a partial number of working hours, the remaining hours were never paid to Plaintiff.

89. During his entire period of employment, Plaintiff received partial payment for accumulated unpaid wages one check for $200.00, and one payment of $200.00 cash. Defendants failed to pay Plaintiff timely and for every hour worked.

90. Plaintiff did not clock in and, but he worked under closed supervision, and Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals, which means that Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

91. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

92. Plaintiff was paid weekly with checks and paystubs that did not provide accurate information about the number of days worked, the real number of hours worked, and Plaintiff's real wage rate.

93. Plaintiff strongly disagreed with payment received for hours earned and he complained many times to his supervisors and owners of the business LUIS D. FERNANDEZ, and MONIKA NEUVIRTHOVA. They promised to pay him for the full value of his missing hours later.

94. These complaints constituted protected activity under the FLSA.

95. On or about the last week of December 2020, Plaintiff was trying to collect his unpaid regular wages.  However, as a result of Plaintiff's multiple complaints, Defendant fired Plaintiff using a pretextual reason.

96. On or about December 29, 2020,  Plaintiff was fired after he demanded to be paid for his regular workweek and overtime hours. Plaintiff was in financial distress and he mentioned that he would be hiring an attorney to recover his unpaid wages.

97. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

98. There is closed proximity between Plaintiff's protected activity and his termination.

99. The motivating factor which caused the Plaintiff's discharge as described above was his complaints seeking unpaid regular and overtime wages from the Defendants.  In other words, Plaintiff would not have been discharged but for his complaints about unpaid regular and overtime wages.

100.    The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

101.     Plaintiff CARLOS E. RESTREPO has retained the law offices of the undersigned

attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff CARLOS E. RESTREPO respectfully requests that this Honorable Court:

A.  Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures

complained of herein violated provisions of the Fair Labor Standards Act;

A.  Enter judgment against Defendants MODERN ROOFING, LUIS D. FERNANDEZ, and

MONIKA NEUVIRTHOVA that Plaintiff CARLOS E. RESTREPO recovers

compensatory damages and an equal amount of liquidated damages as provided under the

law and in 29 U.S.C. § 216(b);

B.  That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

C.  Order the Defendants MODERN ROOFING, LUIS D. FERNANDEZ, and MONIKA

NEUVIRTHOVA to make whole the Plaintiff by providing appropriate back pay and other

benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D.  Plaintiff CARLOS E. RESTREPO further prays for such additional relief as the interests

of justice may require.

<u>JURY DEMAND</u>

Plaintiff CARLOS E. RESTREPO demands trial by a jury of all issues triable as of right by a jury.

Dated: February 9, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*